IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA MARTINEZ, Individually and as Personal
Representative of the Estate of her Deceased
Daughter, Valerie Martinez,

        Plaintiff,

vs.                                       Civ. No. 98-986 JC/WWD

SEARS ROEBUCK & CO.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel Production of Documents [30] filed February 23, 1999. Defendant failed to make production with respect to requests 3-12, 14 and 17. Plaintiff, after pointing out the serious nature of the case, goes on to deal with Defendant's failure to produce anything and the liberal policies of the court in allowing liberal discovery.

Defendant Sears objects on the ground that the request is "overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence" with respect to requests 3, 4, 5, 7, 8, 10, 11, 14, and 17. Defendant Sears objects to request 6 on the ground that the request is vague and ambiguous indicating that Defendant Sears does not understand what is meant by "preliminary testing" of the refrigerator in question and its condenser unit. Notwithstanding the objection, Defendant Sears goes on to indicate in its response that it "relies upon the manufacturer to test its products and to insure the product meets applicable safety

-1-

standards." In response to request 9, which seeks "[c]opies of packaging and labels for the product", Defendant Sears indicates that it has not located any such labels. In response to request 12, Defendant Sears invokes the protection of the attorney/client privilege and the work product doctrine. As Plaintiff argues, Defendant "has not produced a single document."

*DISCUSSION.*

Requests for production 4 and 11 are overly broad, etc., and the objections to them are sustained. On or before March 16, 1999, Defendant shall produce such documents as it has in its possession or control which are responsive to requests 3, 5, 6, 7, 9, 10, 14, and 17, indicating which documents are responsive to which request. Request 8 is not a proper request and no further response will be required. On or before March 16, 1999, Defendants shall submit to the undersigned for an *in Camera* inspection all the documents sought in request 12 for which a claim of privilege is made. A privilege log setting out the date, author, addressee, and the privilege asserted should be furnished with the foregoing documents. I do not consider Defendant to have "control" of documents which are held by the manufacturer and not by Defendant.

Discovery shall proceed in accordance with the foregoing.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE