IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXIC0

MARIA MARTINEZ, individually and as
Personal Representative of the Estate of her
deceased daughter, Valerie Martinez,

      Plaintiff,

      vs.                                              No. CIV 98-0986 JC/WWD

SEARS ROEBUCK & CO.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion to Add Whirlpool Corporation as a Defendant, filed February 5, 1999 (*Doc. 26*). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken and will be granted.

### Background

On July 21, 1995, a tragic explosion and fire occurred at Maria Martinez' home. Plaintiff alleges that a refrigerator ignited gasoline fumes in the kitchen, killing two-year-old Valerie Martinez and injuring her mother. On July 21, 1998, the last day allowed under New Mexico's three-year statute of limitations for personal injury claims, Plaintiff filed her complaint in state court. Defendant timely removed the case to federal court. The complaint alleges strict product liability and negligence against Sears as the "manufacturer and/or merchant" that "manufactured and/or placed upon the

market" the refrigerator that caused the fire. The complaint also alleges that Sears improperly repaired the refrigerator.

Sears contacted Whirlpool Corporation ("Whirlpool"), the manufacturer of the refrigerator, and requested that Whirlpool assume the defense of the lawsuit. On October 8, 1998, Whirlpool representatives met with Plaintiff's counsel to inspect the refrigerator. That same day, the attorney retained by Whirlpool (Mr. Foster) informed Plaintiff's counsel that Whirlpool was the manufacturer of the refrigerator and that he would be assuming the defense.

On December 21, 1998, Plaintiff's counsel faxed a letter to Mr. Foster asking whether he would oppose efforts to join Whirlpool in the action. Plaintiff filed this motion after Defendant refused to consent to Whirlpool's joinder.

**Analysis**

Plaintiff's motion seeks leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure. Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has reminded us that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the decision to grant leave to amend is within the discretion of the trial court, leave to amend should be freely given unless there is a reason that justifies the denial. *See id.* Leave to amend may be denied if the amendment would be futile. *See id.*

An amendment is futile if the proposed amended complaint would not survive either a motion to dismiss or a motion for summary judgment. *See Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989). Defendant asserts that the amendment would be futile because the statute of limitations would bar Plaintiff's

claims against Whirlpool. All parties agree that the statute of limitations for this action expired on or about July 21, 1998. Therefore, Plaintiff's amendment will be futile unless the claims against Whirlpool relate back to Plaintiff's original complaint.

If state law supplied the procedural rule in this case, then Plaintiff's claims against Whirlpool would be time barred. Rule 1-015 of New Mexico's Rules of Civil Procedure states that

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Because Whirlpool did not receive notice of the suit before the statute of limitations expired, the claims against Whirlpool would not relate back under New Mexico procedural law. *See Fernandez v. Char-Li-Jon, Inc.*, 119 N.M. 25, 27, 888 P.2d 471, 473 (Ct. App. 1994).

In 1991, Federal Rule of Civil Procedure 15(c) was amended to liberalize the rules for relation back of amendments and to change the result of the much-criticized Supreme Court decision in *Schiavone v. Fortune*, 477 U.S. 21 (1986). *See* FED. R. CIV. P. 15, Advisory Comm. Notes, 1991 Amendment. Prior to the amendment, the federal rule tracked the New Mexico rule, requiring that the party to be brought into the action must have received notice of the institution of the action prior to the expiration of the statute of limitations. As amended, Rule 15(c) permits relation back of amendments that add parties in two circumstances: first, if permitted by the law that provides the statute of limitations, and second, if all three of the following conditions are met:

(1) "the claim or defense asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading";

(2) within the period provided for service [i.e., 120 days], the party to be brought in "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits"; and

(3) within that same period [120 days], the party to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

FED. R. CIV. P. 15 (c).

Thus, the amended rule expands a Plaintiff's right to bring a cause of action against defendants who were misidentified in the original complaint. Although statutes of limitations are matters of substantive law, I follow the analysis of *Hanna v. Plumer*, 380 U.S. 460 (1965), and conclude that the federal rule should apply. Because there is a federal rule of procedure adopted by the Supreme Court pursuant to congressional authority that directly contradicts the state rule, I may apply the federal rule even though it may incidentally alter the substantive rights of the parties. This is consistent with the important federal interest in establishing uniform rules of procedure for federal courts.

Next, I apply Rule 15(c)(3) to the facts of this case. Plaintiff clearly meets the first two elements of the test. Plaintiff's claims against Whirlpool arose out of the same "conduct, transaction, or occurrence" set forth in the original complaint--i.e., manufacturing the refrigerator. Whirlpool had notice of action within 120 days after the complaint was filed, and certainly was not prejudiced in maintaining a defense because Whirlpool, in fact, immediately assumed the defense of the matter.

It is less clear whether Plaintiff meets the final element of the test for relation back. That third test requires that within 120 days, Whirlpool must have known that "but for a mistake concerning the

identity of the proper party, the action would have been brought against the party." FED. R. CIV. P. 15(c)(3)(B). Defendant claims that the phrase "mistake concerning the identity of the proper party" should be read narrowly. According to Defendant, the substitution of a defendant for a "Jane Doe" defendant is not an attempt to correct a mistake. Neither is the addition of a defendant to correct a plaintiff's lack of knowledge at the time the complaint was filed. I agree. But the case here is much more similar to *Schiavone*, where the Plaintiff sued FORTUNE as the publisher of a magazine that allegedly libeled the plaintiff because that was the trade name on its cover. In fact, the magazine was published by Time, Inc. Here, Plaintiff is suing the manufacturer of the refrigerator. Defendant does not dispute that Plaintiff reasonably believed at the time the complaint was filed that Sears manufactured the refrigerator. I conclude that Plaintiff's motion seeks to correct a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3).

Defendant further argues that Whirlpool did not know from the complaint filed against Sears that Plaintiff intended to bring the action against Whirlpool. Defendant argues that Plaintiff's complaint indicates a conscious choice to sue Sears rather than Whirlpool. All parties admit that Plaintiff did not attempt to join Whirlpool in this action until 153 days after the complaint was filed.

I reject Defendant's argument on this point for two reasons. First, the complaint on its face states a claim for strict products liability against Sears in its supposed role as "manufacturer" of the refrigerator. The complaint itself puts Whirlpool on notice that Plaintiff is attempting to bring claims against the manufacturer. Second, Whirlpool's action in assuming the defense of this matter indicates that it was aware of its potential liability for manufacturing the refrigerator. I find that the technical distinction that Whirlpool is trying to make between its potential liability as indemnitor of Sears versus its direct liability to Plaintiff lacks substance. Whirlpool had notice, within 120 days of filing,

that the complaint stated a cause of action against the manufacturer, that it was the manufacturer, and that it had potential liability in the matter. Rule 15(c)(3)(B) requires nothing more.

**Conclusion**

I conclude that the claims asserted against Whirlpool in the proposed amended complaint would relate back to the claims asserted in Plaintiff's original complaint. Therefore, amendment of the complaint would not be futile. Consistent with the spirit of Rule 15(a) that leave to amend should be freely given, and in view of the fact that Whirlpool has assumed the defense of this matter, I will exercise my discretion to grant Plaintiff leave to amend her complaint.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Add Whirlpool Corporation as a Defendant, filed February 5, 1999 (*Doc. 26*) is **granted.** Plaintiff is granted leave to file and serve on Whirlpool Corporation an amended complaint naming Whirlpool Corporation as a defendant. Plaintiff shall file and serve her amended complaint within twenty days of this Order.

DATED this 4th day of March, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Narciso Garcia, Jr.<br>Garcia Law Offices<br>Albuquerque, New Mexico |
| Counsel for Defendant : | J. Duke Thornton<br>Jeanne M. Bates<br>Butt, Thornton & Baehr, P.C.<br>Albuquerque, New Mexico |